UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| ROBERT D. STUBLI, | ) | CASE NO. 3:05 CV 7349 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| DEPARTMENT OF | ) | |
| VETERANS AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 25, 2005, plaintiff pro se Robert D. Stubli filed the above-captioned action against the United States Department of Veterans Affairs, the Office of the United States Attorney, United States Attorney for the Northern District of Ohio Gregory A. White, Assistant United States Attorney David O. Bauer, Assistant United States Attorney Holly T. Syndlow, and the Chief Judge for the United States District Court for the Northern District of Ohio, James G. Carr.  In the complaint, plaintiff alleges he received an unfavorable decision in a case before Judge Carr which permitted the State of Florida to garnish his Veterans Administration Disability to pay for alimony owed to his former spouse.  He asks this court to reverse Judge Carr's decision, order the Veteran's Administration to cease its garnishment activities and refund with interest all monies withheld.  He also seeks compensatory and punitive damages from the individual defendants.

*Background*

Mr. Stubli, a disabled veteran, filed suit against the United States Department of Veterans Affairs ("VA") in the United States District Court for the Northern District of Ohio on September 20,

2004. That case, No. 3:04 CV 7571 was assigned to Chief Judge James G. Carr. Mr. Stubli alleged that the VA wrongfully complied with a garnishment order issued by a Florida domestic relations court, requiring the VA to withhold alimony payments from a portion of Mr. Stubli's VA disability compensation. Mr. Stubli, through counsel, asserted that federal law prohibits the garnishment of VA disability pay which is received for a service related disability in lieu of retirement pay. He requested that Judge Carr terminate the garnishment and order the VA to return the funds which were withheld. Holly Taft Sydlow, the Assistant United States Attorney representing the VA, filed a Motion to Dismiss asserting that the court lacked subject matter jurisdiction over Mr. Stubli's claims because the United States had not waived sovereign immunity, and because his complaint failed to state a claim upon which relief could be granted. On March 11, 2005, Judge Carr granted the defendant's Motion to Dismiss.

Mr. Stubli claims Judge Carr's ruling was incorrect. He continues to assert that the VA is prohibited from garnishing his disability pay and alleges that Judge Carr was more swayed by Ms. Sydlow's brief than the brief submitted by his attorney. He contends Ms. Sydlow misrepresented the law to the court. He states that although he has been told by both the court and the attorneys involved in the case that he can appeal the decision if he believes it to be incorrect, he believes "this is not what the Court of Appeals is set up for." (Compl. at 6.) He insists that it is the province of the District Court to redress it errors. Mr. Stubli therefore again asks this court to order the VA to cease the garnishment of his disability pay, and further requests he be compensated for the attorney fees he expended to date.

## *Analysis*

Although it appears that the plaintiff's attempts at service were improper under Federal

2

Civil Rule 4(i)(1), there would be no point in allowing Mr. Stubli to cure the defect.[1]  While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte prior to service of process upon the defendants if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).  The claims asserted in this action satisfy these criteria.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.  Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990).  It bars re-litigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.

--------

[1]      Service of Process upon on officer or employee of the United States must be effected by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, and by sending a copy of the summons and of the complaint to the Attorney General of the United States.  FED R. CIV P. 4(i)(1).  If the United States officers are sued in their individual capacities, the plaintiff must also effect service in accordance with Rule 4(e) which requires delivery of a copy of the summons and complaint to the individual *personally*, to the individual's *dwelling house*, or to an agent *authorized by appointment* to accept service of process on behalf of the defendant.  The return of service forms filed by Mr. Stubli suggest he not only failed to serve United States Attorney General, but attempted to leave a copy of the complaint at the defendants' business offices with persons, such as a law clerk or a clerical person, who are not agents authorized by the defendants to accept service.  His attempts to serve the defendants were therefore ineffective.  Furthermore, service must be performed by a person who is not a party to the case.  FED R. CIV P. 4(c)(2).  Mr. Stubli cannot deliver the complaint and summonses himself.

3

Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981).  A subsequent action will therefore be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  Both of these requirements are met in this case.

Mr. Stubli, through counsel, presented the arguments concerning the garnishment of his disability pay in Case No. 3:04 CV 7571 and received a ruling on the merits of his case.  He presented his claims in his pleading, and responded to the defendant's Motion to Dismiss.  Judge Carr determined that the United States had not waived sovereign immunity and the court therefore lacked subject matter jurisdiction over Mr. Stubli's claims.  By filing this action, Mr. Stubli merely seeks to re-litigate the same claims against the VA in the hope that he would receive a favorable result from another district court judge. The doctrine of res judicata bars consideration of this type of claim.

Moreover, Mr. Stubli cannot maintain a claim for damages against Judge Carr based on his decisions in the prior litigation.  It is well established that judges are absolutely immune from liability for actions taken within the scope of their official duties.  Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997).  This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. Barnes, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction.  Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116.  Merely acting erroneously, or in excess of authority does not preclude immunity.  See Sevier v. Turner, 742 F.2d 262, 271 (6th Cir. 1984).  Despite Mr. Stubli's assertion that

Judge Carr acted with prejudice because he did not accept Mr. Stubli's interpretation of the law, there are no facts alleged in the pleading which reasonably suggest that Judge Carr acted outside the scope of his official duties.  He is therefore absolutely immune from suit as a matter of law.

Similarly, David O. Bauer and Holly Taft Sydlow are entitled to absolute immunity for their conduct for their conduct in presenting the government's case.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993).  The complaint contains no facts which indicate that Mr. Bauer or Ms. Sydlow participated in any other kind of activity.

Mr. Stubli's claims against Gregory White are based solely on the fact that he, as the United States Attorney for the Northern District of Ohio, employs Mr. Bauer and Ms. Sydlow.  It is well established that a claim asserting violations of civil rights cannot be based upon a theory of respondeat superior alone.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Supervisory officials may be deemed liable for the unconstitutional actions of subordinates only when those actions are the result of official policies or customs, or when the supervisor encouraged the specific misconduct or in some way directly participated in it.  Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982).  The complaint contains no allegations connecting Mr. White to the asserted violation of plaintiff's federally protected rights.

### *Conclusion*

Accordingly, this action is dismissed.  Further, the court certifies pursuant to 28 U.S.C.

§ 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

        IT IS SO ORDERED.

                                  S/ DAVID A. KATZ  9/9/05

                            _____

                            DAVID A. KATZ
                            UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides, in pertinent part:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.